UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON, #219584,

        Plaintiff,

v.                                                    CASE NO. 2:12-CV-15259
                                                        HONORABLE GEORGE CARAM STEEH

DORAID B. ELDER, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT

**I.    Introduction**

Michigan prisoner Karl Jackson ("Plaintiff"), currently confined at the Pugsley Correctional Facility in Kingsley, Michigan, has filed a pro se civil complaint, as well as an application to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff raises claims concerning jail sentencing credit and the denial of legal copies and law library access. He names his attorney Doraid B. Elder, Wayne County Assistant Prosecutor Timothy John Baywal, Court Services Supervisor Sandra Wilson, Warden Shirlee Harry, Pugsley Records Supervisor Becky Kosloski, and Pugsley Librarian J. Yoak as the defendants in this action. He seeks monetary damages and other appropriate relief. Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Jackson v. Cason, et al.,* No. 1:98-CV-00468 (W.D. Mich. July 28, 1998); *Jackson v. Carrick, et al.*, No. 2:03-CV-00050 (W.D. Mich. May 1, 2003); *Jackson v. Elder*, No. 2:12-CV-13103 (E.D. Mich. Aug. 6, 2012). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id.* The circumstances giving rise to Plaintiff's complaint do not indicate a threat of imminent danger of serious physical injury – and the complaint contains

no such facts.  Plaintiff has failed to establish that he falls within the exception to the three strikes rule.  Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III.  Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated:  December 6, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
and on Karl B. Jackson #219584, Pugsley Correctional Facility,
7401 East Walton Road, Kingsley, MI 49649 on
December 6, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---